887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aaron GARNER, Petitioner-Appellant,
v.
William C. SEABOLD, Respondent-Appellee.
 No. 88-6135.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JAMES HARVEY, District Judge*.
 PER CURIAM.
 
 
 1
 Petitioner-appellant Aaron Garner appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. On March 27, 1986, Garner was convicted by a jury of one count of first degree rape in violation of Ky.Rev.Stat.Ann. Sec. 510.040. Garner was sentenced to ten years in prison.
 
 
 2
 On appeal, Garner has argued that his sixth amendment right to confrontation was violated when the deposition of Dr. David Hines (Hines), the physician who had examined the rape victim immediately after the incident, was admitted in lieu of the physician's live testimony. The deposition of Hines was permitted in anticipation of his moving to another state, possibly precluding his appearance as a witness at Garner's trial. Eight days prior to the commencement of the trial, the prosecution presented a subpeona at Hines's last place of employment. It was discovered at that time that he had in fact moved; no further effort was made to secure his presence at Garner's trial.
 
 
 3
 The prosecution in a criminal case has an obligation under the confrontation clause of the sixth amendment to engage in a good faith effort to secure the presence of its witnesses at trial. Ohio v. Roberts, 448 U.S. 56, 75, 100 S.Ct. 2531, 2543 (1980). This court finds that the prosecution's belated and cursory attempt to secure the presence of Hines at Garner's trial did not rise to the level of the "good faith effort" imposed on the government by the constitution as interpreted by the courts. Thus, the admission of Hines's deposition testimony into evidence constituted a violation of the confrontation clause and was erroneous.
 
 
 4
 This court further finds, however, that the committed error was harmless. The only material evidence offered by Hines that was not duplicative of the testimony of other witnesses, including that of a registered nurse and social worker who had assisted Hines as he treated the victim in the emergency room, was in the nature of objective medical observations supporting the victim's assertion that penetration had occurred during the alleged rape. The uncorroborated testimony of the victim alone, however, was sufficient to prove this fundamental element of the crime of rape. Accordingly, Dr. Hines's testimony, whether live or in deposition form, was not necessary to sustain Garner's conviction. Chapman v. California, 386 U.S. 18, 25-26, 87 S.Ct. 824, 829 (1967).
 
 
 5
 For the foregoing reasons, the district court's denial of Garner's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 Hon. James Harvey, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation